LAURA LEIGH GEIST (Bar No. 180826)
laura.geist@dentons.com
DENTONS US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Tel: 415-882-5000 / Fax: 415-882-0300

KRISTEN B. WEIL (*Pro hac vice*)
kristen.weil@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Tel: 212-768-6700 / Fax: 212-768-6800

KELLY R. GRAF (State Bar No. 301325)
kelly.graf@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213-623-9300 / Fax: 213-623-9924

Attorneys for Defendants HARTFORD LIFE AND ANNUITY INSURANCE COMPANY and ITT HARTFORD LIFE AND ANNUITY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO OPENIANO, an individual<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, a corporation, formerly known as ITT HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, a corporation; ITT HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, a corporation and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 18-cv-0943-AJB-AGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HARTFORD'S *EX PARTE* APPLICATION TO STAY DISCOVERY PENDING THE COURT'S DECISION ON HARTFORD'S DISPOSITIVE MOTION**<br><br>Hearing Date:<br>Time:<br>Courtroom:     4A |

**TABLE OF CONTENTS**

**Pages**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................. 1

III. ARGUMENT ....................................................................................................... 2

    A. Legal Standards ........................................................................................ 2

    B. Hartford's Motion For Judgment On The Pleadings Is Dispositive Of The Entire Case, Thus There Is Great Harm In Allowing Discovery To Proceed Prior To Adjudication Of Hartford's Motion ................................................................................... 3

    C. Hartford's Motion for Judgment on the Pleadings Can Be Decided Absent Additional Discovery .................................................. 4

    D. Hartford's Motion for Judgment on the Pleadings is Likely to be Granted ................................................................................................ 5

IV. CONCLUSION ................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*,
   No. CIVA 7:08-CV-32(HL), 2008 WL 4544470 (M.D. Ga. Oct. 10,
   2008) ................................................................................................................. 3

*B.R.S. Land Investors v. U.S.*,
   596 F.2d 353 (9th Cir. 1979) ............................................................................. 5

*Camacho v. United States*,
   No. 12CV956 CAB (BGS), 2014 WL 12026059 (S.D. Cal. Aug.
   15, 2014) ........................................................................................................... 3

*Gen. Am. Life Ins. Co. v. Rana*,
   769 F. Supp. 1121 (N.D. Cal. 1991) .................................................................. 6

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
   192 F.R.D. 284 (S.D. Cal. 2000) ............................................................... 3, 4, 5

*Moradi-Shalal v. Fireman's Fund Ins. Companies*,
   46 Cal. 3d 287 (1988) ....................................................................................... 6

*Norris v. R.J. Reynolds Tobacco*,
   CV034563DSF(AJWX), 2004 WL 601653 (C.D. Cal. Feb. 13,
   2004) ................................................................................................................. 5

*Orchid Biosciences, Inc. v. St. Louis Univ.*,
   198 F.R.D. 670 (S.D. Cal. 2001) ....................................................................... 2

*Prudential–LMI Com. Ins. v. Superior Ct.*,
   51 Cal. 3d 674 (1990) ....................................................................................... 5

*Rutman Wine v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) ............................................................................. 4

*Wenger v. Monroe*,
   282 F.3d 1068 (9th Cir. 2002) ........................................................................... 2

**Rules and Regulations**

Federal Rules of Civil Procedure
    Rule 26(c)(1)................................................................................................ 2

## I.     INTRODUCTION

Defendants Hartford Life and Annuity Insurance Company and ITT Hartford Life and Annuity Insurance Company ("Hartford"), by and through its undersigned counsel, move *ex parte* for an order staying discovery in this action until after resolution of Hartford's motion for judgment on the pleadings.

## II.     FACTUAL BACKGROUND

Plaintiff filed this action in San Diego Superior Court on February 5, 2018, and served Hartford on April 13, 2018, alleging that he did not receive a disability benefit check due to him in 1998. (Dkt. No. 1-1.) Hartford removed the case on May 14, 2018. (Dkt. No. 1.) The parties participated in an Early Neutral Evaluation on August 16, 2018, but were unable to resolve the matter. (Dkt. No. 22.) Consequently, Hartford filed a Motion for Judgment on the Pleadings on September 18, 2018. (Dkt. No. 24.) Hartford's Motion for Judgment on the Pleadings argues that Plaintiff fails to state a claim and that his claims are time-barred, having accrued twenty years ago. *Id*. Hartford's Motion for Judgment on the Pleadings is based on the extensive documentation Plaintiff attached to his complaint, and no additional discovery will affect its outcome. If granted, Hartford's motion would dispose of the entire action. A hearing on Hartford's motion is scheduled for January 10, 2019. (Dkt. No. 26.)

Pursuant to the Case Management Schedule entered in this case, fact and expert discovery are to be completed by January 18, 2019. (Dkt. No. 5.) To date, Plaintiff has served the following discovery on both defendants: requests for production of documents on September 12, 2018, requests for admission on September 20, 2018, and interrogatories on September 21, 2018. (*See* Declaration of Kristen B. Weil ("Weil Decl."), ¶ 2.) Plaintiff's discovery requests are objectionable on multiple grounds and seek numerous documents and information. Preparing a response to Plaintiff's numerous discovery requests will require significant time and resources.

In addition, Plaintiff has indicated his intent to seek additional discovery from Defendants. On September 7, 2018, Plaintiff emailed counsel for Hartford asking to stipulate to a modification of the discovery limitations contained in the Parties' Joint Discovery Plan. (Dkt. No. 13.) Specifically, Plaintiff sought to increase the number of interrogatories from 20 to 60 and to increase the number of requests for admission from 20 to 40. (Weil Decl., ¶ 3 and Ex. A.) Plaintiff stated that if Hartford refused to agree to such additional discovery that he intended to move *ex parte* to allow for additional interrogatories and requests for admission. *Id.*

Under the Federal Rules of Civil Procedure, Hartford's responses to Plaintiff's discovery requests would be due before the hearing on Hartford's dispositive motion. Indeed, *all* fact and expert discovery is scheduled to close a week after the hearing. An *ex parte* application to stay discovery pending resolution of Hartford's dispositive motion is necessary because a regularly-noticed motion would be heard too late to prevent the burden, cost, and irreparable harm that the unnecessary discovery would cause if allowed to go forward.

### III.   ARGUMENT

#### A.   Legal Standards

A court has broad discretion to enter an order limiting discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." Fed. R. Civ. P. 26(c)(1). Such protective orders include the entry of a stay of proceedings pending the resolution of a dispositive motion. *See, e.g.*, *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)). "The court has broad discretion to stay discovery in a case while a dispositive motion is pending." *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001).

"Apart from the guidelines governing protective orders under Rule 26, the

Ninth Circuit has not established a routine formula for the Court to apply when considering a motion to stay discovery." *Camacho v. United States*, No. 12CV956 CAB (BGS), 2014 WL 12026059, at *2–3 (S.D. Cal. Aug. 15, 2014)  Federal district courts in California have applied a two-part test when evaluating requests for stays pending the resolution of a dispositive motion:

> First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed.  Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery.  If the moving party satisfies these two prongs, the court may issue a protective order.

*Id*.

In addition, the court may take a "preliminary peek" at the merits of the allegedly dispositive motion (here, Hartford's Motion for Judgment on the Pleadings) to see if on its face there is a "clear possibility" of success on the motion. *See GTE Wireless, Inc. v. Qualcomm, Inc*., 192 F.R.D. 284 (S.D. Cal. 2000) (overruling Magistrate Court's decision, granting a Motion to Stay and citing Fed. R. Civ. P. 26).  A "clear possibility" of success is less stringent than a standard of probability. *Id*. at 287.  "Clear possibility" means that the prospect of success of the dispositive motion is close to, "but...not necessarily exceed(ing) 'fifty percent'..." *Id*.

### B. Hartford's Motion For Judgment On The Pleadings Is Dispositive Of The Entire Case, Thus There Is Great Harm In Allowing Discovery To Proceed Prior To Adjudication Of Hartford's Motion

Hartford will be prejudiced if required to respond to Plaintiff's pending discovery requests and complete all fact and expert discovery while Hartford's dispositive motion is pending.  Hartford will be forced to expend significant financial and personnel resources to properly respond to Plaintiff's discovery requests.  Because fact and expert discovery are to be completed approximately one

week after the hearing on Hartford's motion, Hartford would also be forced to expend resources on taking discovery from Plaintiff. Moreover, judicial resources will be exhausted if discovery disputes arise.

These efforts will be "wasted" if Hartford's Motion for Judgment on the Pleadings is granted and the case is dismissed. *GTE Wireless*, 192 F.R.D. at 289. ("If Defendant's motion for summary adjudication is granted, then everything discovered...will have been wasted."). Such "wasted" discovery in this case would be particularly costly, given the additional number of interrogatories and requests for admission Plaintiff seeks to issue, as well as the numerous discovery requests he has already served. In addition, the parties would be forced to take and defend numerous depositions. *See Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. CIVA 7:08-CV-32(HL), 2008 WL 4544470, at *2 (M.D. Ga. Oct. 10, 2008) ("Due to the broad scope of discovery, [d]efendants will likely be called upon to expend considerable resources to comply with [p]laintiffs' discovery requests. Because there is a potential that this claim could be dismissed and these costs avoided, the Court finds that good cause exists for staying discovery."); *Rutman Wine v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) (stating, in the context of an antitrust action, that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery").

While the costs involved in permitting discovery while Hartford's Motion for Judgment on the Pleadings is pending are great, there is a clear lack of harm to Plaintiff in granting this application. Having waited nearly 20 years to bring this action, Plaintiff will suffer no harm if discovery is stayed for approximately three months to allow the Court to hear Hartford's motion.

### C. Hartford's Motion for Judgment on the Pleadings Can Be Decided Absent Additional Discovery

Nothing which could be obtained during discovery has any probative value in

determining whether Hartford's Motion for Judgment on the Pleadings should be granted. *GTE Wireless*, 192 F.R.D. at 289 (finding no prejudice in granting Motion to Stay because nothing that could be produced during discovery would be probative to the pending dispositive motion). Hartford's Motion for Judgment on the Pleadings is based on Plaintiff's failure to properly state a claim and the statute of limitations. Both grounds are clear from the complaint and judicially noticeable facts and, as such, no discovery will change the outcome of Hartford's Motion.

### D. Hartford's Motion for Judgment on the Pleadings is Likely to be Granted

A "peek" at the motion shows that Plaintiff failed to adequately plead his causes of action and that Plaintiff's action is untimely and therefore Plaintiff "will be unable to state a claim for relief." *GTE Wireless*, 192 F.R.D. at 286; *see also*, *B.R.S. Land Investors v. U.S.,* 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted.").

As described in more detail in Hartford's Motion for Judgment on the Pleadings, Plaintiff's complaint arises out of events that happened 20 years ago. Plaintiff fails to plead that the statute of limitations is tolled. On the basis of the Complaint, documents attached thereto, and judicially-noticeable facts, Plaintiff's allegations do not permit him to "prove that the statute was tolled," meaning the Court can dismiss the action as time-barred outright on a Motion for Judgment on the Pleadings. *Norris v. R.J. Reynolds Tobacco*, CV034563DSF(AJWX), 2004 WL 601653, at *1 (C.D. Cal. Feb. 13, 2004) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). Plaintiff's claims are also barred by the contractual limitations period in the insurance policy at issue. *Prudential–LMI Com. Ins. v. Superior Ct.*, 51 Cal. 3d 674, 683 (1990) ("A covenant shortening the period of limitations is a valid provision in an insurance contract and cannot be ignored with

impunity.")

In addition, two of Plaintiff's causes of action are simply legally insufficient: he cannot assert a private right of action for unfair claims settlement practices (*Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal. 3d 287, 304 (1988)) and his breach of fiduciary duty claims fail because insurance companies do not typically owe insureds a fiduciary duty (*Gen. Am. Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1126 (N.D. Cal. 1991)).

Therefore, Hartford's Motion for Judgment on the Pleadings is very likely to be granted in its entirety, disposing of Plaintiff's entire case.

### IV. CONCLUSION

For the foregoing reasons, Hartford's *ex parte* application should be granted and discovery in this action should be stayed until the Court has made an order on Hartford's Motion for Judgment on the Pleadings.

Dated:  October 5, 2018

LAURA LEIGH GEIST
KRISTEN B. WEIL
KELLY R. GRAF
DENTONS US LLP


By:  /s/ Kristen B. Weil
         KRISTEN B. WEIL


Attorneys for Defendants HARTFORD LIFE AND ANNUITY INSURANCE COMPANY and ITT HARTFORD LIFE AND ANNUITY INSURANCE COMPANY
E-mail:  kristen.weil@dentons.com

# PROOF OF SERVICE

I am employed in the County of New York, State of New York.  I am over the age of 18 and not a party to the within action.  My business address is 1221 Avenue of the Americas, New York, New York 10020; my e-mail notification address is kristen.weil@dentons.com.

On October 5, 2018, I served the foregoing document, entitled **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HARTFORD'S MOTION TO STAY DISCOVERY PENDING THE COURT'S DECISION ON HARTFORD'S DISPOSITIVE MOTION,** on the interested party in this action, as follows:

☒ U.S. Mail:  By placing for collection and mailing ☒ a true copy ☐ the original of the document enclosed in sealed envelopes addressed to said party as set forth below.  I am personally and readily familiar with the business practice of Dentons US LLP for the collection and processing of documents for mailing with the United States Postal Service.  Pursuant to that practice, mail placed for collection in the ordinary course of business is deposited the same day, with proper postage fully prepaid, with the United States Postal Service.

☐ Federal Express:  By depositing in a box or other facility maintained by Federal Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, ☐ a true copy ☐ the original of the document sealed in an envelope designated by said express carrier service, with delivery fees paid or provided for, and addressed to said party as set forth below.

☐ Electronic Mail/PDF Format (Courtesy Copy):  By causing to be transmitted a true copy of the document in PDF format to said party at the electronic service address set forth below, said transmission being reported as complete and without error.

| | |
|---|---|
| RENATO OPENIANO<br>*Plaintiff in Pro Per*<br>1233 Discovery Bay Drive<br>Chula Vista, CA  91915 | E-mail:  reneopeniano@hotmail.com<br>Telephone:  619-944-6939 |

I declare that I have been retained by a member of the bar of this Court at whose direction this service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 5, 2018, at New York, New York.

/s/ Kristen B. Weil
Kristen B. Weil

- 7 -