UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Renato OPENIANO,<br><br>                              Plaintiff,<br><br>v.<br><br>HARTFORD LIFE & ANNUITY INSURANCE CO., et al.,<br><br>                              Defendants. | Case No.: 18-cv-0943-AJB-AGS<br><br>**ORDER GRANTING EX PARTE MOTION TO STAY DISCOVERY (ECF No. 28)** |

Defendant Hartford Life and Annuity Insurance Company seeks to stay discovery while the Court considers its motion for judgment on the pleadings. (*See* ECF No. 28.) Hartford argues that the motion is potentially case dispositive and extensive discovery before the motion is decided would be inefficient and wasteful should the motion be granted. Plaintiff, on the other hand, opposes and argues that the motion is frivolous and discovery should continue during the pendency of the motion for judgment on the pleadings.

Stays, even those while dispositive motions are pending, are disfavored. But the discretion to issue such a stay is "part of [the Court's] inherent power to control the disposition of the cases on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Al Otro Lado, Inc. v. Nielsen*, No. 3:17-cv-02366-BAS-KSC, 2018 WL 679483, at *1 (S.D. Cal. Jan. 31, 2018) (quotation marks omitted). The party seeking the stay must show good cause. *Id.* at *2. Generally, that analysis is a two-pronged test, whether the pending motion: (1) is potentially dispositive of the entire case and (2) can be decided absent additional discovery. *Id.*

## A. Potentially Dispositive

There is no dispute that, if granted, defendant's motion—concerning the timeliness of plaintiff's claims—would be potentially dispositive of the entire case. But that is not the end of the matter, as this prong includes a requirement that the Court "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.* (quotation marks omitted). According to the complaint, this case involves a $4,350 disability benefits check that was allegedly not mailed to plaintiff by defendant in 1998. (*See* ECF No. 1-2, at 15.) Defendants argue that any dispute which arose as a result of this alleged failure to pay twenty years ago is time barred both statutorily and under the governing contract. (*See* ECF No. 24-1, at 6-12.) Defendants also argue that several of plaintiff's claims are insufficient as a matter of law. (*Id.* at 13-14.)

Having reviewed the motion "on its face," it appears there is an immediate and clear possibility that it will be granted. *Al Otro Lado*, 2018 WL 679483, at *1. This dispute is twenty years old and two sources of potential authority both suggest that the complaint is time barred. Of course, plaintiff has a number of arguments as to why the motion should not be granted, (*see* ECF No. 27)—some of which may ultimately win the day—but the Court concludes that the motion is potentially dispositive and favors a stay in this case.

## B. Additional Discovery

Plaintiff argues, both in his response to the motion to dismiss and his response to the motion for a stay, that issues raised in the motion for judgment on the pleadings will require additional discovery, and thus the Court should not stay discovery. But additional facts are outside the purview of a motion for judgment on the pleadings, typically, so additional discovery will not aid the Court in determining the issue before it. *See Egelhoff v. Pac. Lightwave*, No. CV 12-04745-RGK (DTBx), 2013 WL 12132025, at *2 (C.D. Cal. June 14, 2013) ("[D]etermination of a Rule 12(c) motion is limited to the consideration of the facts contained in the four corners of the complaint."). So, although additional facts may

2

18-cv-0943-AJB-AGS

be necessary to decide the *issue* of timeliness, the pending motion can likely be determined without them.

## C. Balancing Harms

Even if the two prongs are met, though, the Court must still determine whether it is an appropriate case to exercise its discretion to stay authority. In doing so, the Court must "properly balance the harm of staying discovery." *GTE Wireless v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000). This dispute is very old and the potential cost to recreate or locate all of the relevant materials to it is disproportionately high compared to the total value of the original allegedly lost $4,350 check given that the case may be concluded at this nascent stage. The Court concludes that it would be unfair to require defendant to run the gauntlet of paying for that discovery until plaintiff at least survives a pleading-based timeliness argument. Accordingly:

(1) The motion to stay discovery is **GRANTED**;

(2) All discovery is **STAYED** and the scheduling order is **VACATED** pending resolution of the motion for judgment on the pleadings; and,

(3) The parties must contact this Court within **5 DAYS** of the adjudication of the motion for judgment of the pleadings to reset discovery deadlines.

Dated: October 15, 2018

Magistrate Judge Marc L. Goldman